849 F.2d 610
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott LITTLE, Defendant-Appellant.
 No. 87-6044.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1988.
 
 Before KEITH and RYAN, Circuit Judges; and BENJAMIN F. GIBSON,* District Court Judge.
 PER CURIAM:
 
 
 1
 Defendant Scott Little appeals his conviction for bank robbery on the ground that there was insufficient evidence to support the jury's verdict. For the reasons set forth below, we affirm his conviction.
 
 
 2
 Appellant Scott Little was indicted, along with his brother, Adam, on one count of bank robbery and a second count of carrying a firearm while committing a violent crime. The Little brothers were tried together on August 18, 1987. The case was submitted to the jury, and guilty verdicts as to both defendants were returned that day. Appellant Scott Little was sentenced to twenty years on Count I and five years on Count II, to run consecutively.
 
 I.
 
 3
 On the morning of May 4, 1987, at approximately 8:30 a.m., Appellant Scott Little's brother, Adam, drove Adam's white Camaro Z-28 to the house of Kenneth Little, a third Little brother. Adam borrowed Kenneth's car, a black Dodge Charger. Kenneth Little's residence is approximately one quarter mile from Appellant Scott Little's residence. Later that same morning, at about 9:00 a.m., Adam Little's white Camaro Z-28 was seen parked along Highway 195, with no one in it.
 
 
 4
 At approximately 10:30 a.m. that morning, two gunmen drove up to the front of the Marrow Bone Branch of the Pikeville National Bank & Trust Company in Pikeville, Kentucky in a black car, exited the vehicle, and entered the bank. The men were armed with pistols and were wearing stocking masks. A bank teller, Linda Prater, recognized co-defendant Adam Little as one of the two gunmen. While she could not positively identify the second gunman, she indicated that he was the same size and height as Appellant Scott Little. Sharon O'Brien, another bank employee, also identified Adam Little as one of the robbers, and similarly indicated that the second robber was the same height, weight and size as Scott Little. After robbing the bank of approximately $7,838.00, the two men fled in the black car. The bank employees identified the car as the same type of vehicle that Adam Little was seen driving later that morning--a black Dodge Charger.
 
 
 5
 Minutes after the robbery, witness J.C. Ratliff was waiting in his coal truck in a stopped line of traffic on Highway 195. He observed Adam Little driving alone in the black Dodge Charger. The Charger approached the line of traffic from the direction of the bank, with its lights flashing. Adam Little passed the stopped cars and exited Highway 195 toward the residence of one Paul Blake Owens. Within several minutes, Mr. Ratliff observed Adam's brother, Appellant Scott Little, driving Adam Little's white Camaro Z-28, approaching from the same direction as had his brother moments earlier. The Camaro also had its lights and flashers on. Scott Little passed the line of traffic, but stopped and made small talk briefly with Mr. Ratliff. After the road was cleared by the highway department, Scott Little continued north on Highway 195 in the white Camaro. Shortly thereafter, at approximately 11:00 a.m., he was stopped by the deputy sheriff. Appellant was wearing a blue work shirt with the name "Adam" on it, which he testified that he had borrowed earlier that morning from his brother. The deputy sheriff searched the Camaro; Appellant had no identification on him, but his brother Adam's wallet was found in the front seat of the car.
 
 
 6
 The black Dodge Charger driven by Adam Little was recovered and towed to a nearby garage. Two stocking masks were found in the vehicle. A tracking dog belonging to a Kentucky state police trooper was taken to the black Charger and allowed to obtain a scent. The dog then twice positively identified Appellant Scott Little in a police line-up. Appellant, however, was still wearing his brother's shirt at the time of the identifications. He testified that he had not been in the Charger for several months.
 
 II.
 
 7
 Our charge is to determine whether there was substantial evidence, taking the view most favorable to the government, to support the jury verdict. Glasser v. United States, 315 U.S. 60, 80 (1942) (cited by United States v. Scartz, 838 F.2d 876, 878 (6th Cir.1988)); see also United States v. White, 788 F.2d 390, 393 (6th Cir.1986). We are not to reweigh the evidence or to determine the credibility of the witnesses. Scartz, 838 F.2d at 878; United States v. Ayotte, 741 F.2d 865, 867 (6th Cir.), cert. denied sub nom Labadie v. United States, 469 U.S. 1076 (1984). We are to consider "both the evidence and any inferences 'reasonably and justifiably drawn therefrom.' " White, 788 F.2d at 393 (citing United States v. Conti, 339 F.2d 10, 13 (6th Cir.1964)). Given this limited standard of review, we find that a reasonable jury could have pieced together the circumstantial evidence presented by the prosecution to find Scott Little guilty of bank robbery.
 
 
 8
 For example, drawing all inferences in favor of the government, the jury could have concluded that Scott Little was the second robber in the bank by virtue of the height, weight and stature identifications by the bank employees, combined with the positive identifications by the tracking dog. The jury could have inferred that Adam Little dropped off Scott Little at Adam's Camaro after the robbery, which was parked conveniently but conspicuously on the highway, by virtue of the fact that both brothers were seen, minutes apart, driving away from the bank along the same highway with both cars' lights flashing. The jury could have inferred that that same morning, the two brothers arranged to meet at a third brother's house, which was very convenient to Appellant's own residence, and that Adam and Scott Little separately drove Kenneth Little's black Dodge Charger and Adam's Camaro to the place on the highway where they ultimately left the Camaro parked. It is not difficult to conclude, therefore, that the brothers then together drove to the bank in the Charger, donned nylon stocking masks, and robbed the bank.
 
 
 9
 We acknowledge that the identification by the tracking dog was imperfect, since Scott Little was wearing his brother's shirt at the time. The court below, however, gave an appropriate admonition to the jury:
 
 
 10
 Ladies and gentlemen of the jury, let me advise you that there has been evidence here about this dog, that they made certain investigations with the aid of a trained dog. Because, of course, it's not possible for the dog to communicate its findings to us directly, we must rely upon interpretation by its handler here, Mr. Wallen. Because of the nature of this evidence, you are instructed to receive it with caution and not give it undue weight. It's to be considered along with all the other evidence in the case in your deliberations.
 
 
 11
 (Tr.Vol. II, p. 164). The above admonition was approved by this court in United States v. Gates, 680 F.2d 1117, 1119 (6th Cir.1982). Furthermore, counsel at trial posed no objections to the admission of the dog identification. In the absence of a timely and proper objection, our review is therefore guided by the "plain error" standard set forth in Fed.R.Crim.P. 52(b). "Plain errors are limited to those harmful ones that are so rank that they should have been apparent to the trial judge without objection, or that strike at the fundamental fairness, honesty, or public reputation of the trial." United States v. Causey, 834 F.2d 1277, 1281 (6th Cir.1987) (citing United States v. Perez, 651 F.2d 268, 273 (5th Cir.1981)). Thus, after careful deliberation, and considering both the court's warning to the jury and the difficult hurdle posed by the plain error exception, we are reluctant to find that the court below was plainly erroneous in admitting evidence of the dog identification.
 
 
 12
 It must be stated that this is a close case. The facts supporting Scott Little's conviction are admittedly not overwhelming. As an appeals court, however, we must defer to the jury's assessment of the witnesses' credibility and the evidence. We cannot substitute our judgment for theirs. Appellant has a heavy burden to meet to convince this court that the jury's verdict should not stand. Under these circumstances, we cannot say that he has met that burden.
 
 III.
 
 13
 Accordingly, for the reasons set forth above, we AFFIRM the conviction of Appellant Scott Little.
 
 
 
 *
 Honorable Benjamin F. Gibson, United States District Court for the Western District of Michigan, sitting by designation